IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DEFRANCO,**            ) | |
|                                                              ) | |
| **Plaintiff,**           ) | |
|                                                              ) | Civil Action No. 20-368 Erie |
| v.                                                     ) | |
|                                                              ) | |
| **OFC. ASHLEY MILLER, et al.,**   ) | |
|                                                              ) | |
| **Defendants.**        ) | |

## MEMORANDUM ORDER

Plaintiff Anthony DeFranco, an inmate at SCI-Albion, commenced this prisoner civil action on December 28, 2020, with the lodging of his complaint against Officer Ashley Miller and Sergeant Matthew Putnam. The matter was subsequently referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72. After Plaintiff paid the requisite filing fee, his complaint was filed of record on January 25, 2021. ECF No. 5. In his pleading, Plaintiff alleges that the Defendants violated his rights to due process and retaliated against him because of his attempts to file grievances.

On June 24, 2021, Plaintiff filed a motion for a temporary restraining order or preliminary injunction. ECF No. 19. In support of his motion Plaintiff alleges an ongoing campaign of harassment by various prison officials. This allegedly includes an attempt by Officer Martin to induce another inmate to assault Plaintiff and the use "vicious and threatening words" by Officers Miko and Martin (including calling Plaintiff a "snitch"). Id. at ¶¶3-6. Plaintiff supplemented his motion on June 28, 2021, alleging additional acts of retaliation and harassment. ECF No. 20. Defendants filed their response the following day. ECF No. 21.

1

On July 1, 2021, Magistrate Judge Lanzillo issued his Report and Recommendation that Plaintiff's motion for a temporary restraining order or preliminary injunction be denied ("R&R").  ECF No. 22.  Judge Lanzillo observed that

> "[A]n essential prerequisite to the grant of a preliminary injunction [or temporary restraining order] is a showing by the movant of irreparable injury pendente lite if the relief is not granted." [ ] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969) "[T]he irreparable harm must be actual and imminent, not merely speculative." *Williams v. Nyberg*, 2021 WL 1624319 *2 (W.D. Pa. Apr. 27, 2021). Indeed, the movant "must make a clear showing of immediate irreparable injury, or a presently existing actual threat; an injunction may (not) be used to simply eliminate the possibility of a (remote) future injury, or a future invasion of rights." *Id*. (citing *McCafferty v. Wolf*, 2021 WL 1340002, * (W.D. Pa. Apr. 9, 2021)). And an injunction cannot be issued based on past harm. *Croft v. Donegal Twp.*, 2021 WL 1110567, at *9 (W.D. Pa. Mar. 23, 2021); *Ali v. FCI Allenwood*, 2017 WL 3008545, at* 2 (M.D. Pa. July 14, 2017).
>
> Moreover, "[t]he 'requisite feared injury or harm must be irreparable-not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc*., 809 F.3d 223,226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.3d 179, 181 (3d Cir. 1977)). To demonstrate irreparable harm, "the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc*., 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word is **irreparable** ... the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

ECF No. 22 at 2-3 (footnote omitted) (first paragraph corrections in parentheses added).

Turning to the substance of Plaintiff's averments, Judge Lanzillo first concluded that Plaintiff's requests for injunctive relief against the Pennsylvania Department of Corrections and co-workers of the Defendants should be denied because these entities/individuals are not parties to this lawsuit.  *Id*. at 3.  Second, Judge Lanzillo determined, as a more general matter, that Plaintiff had not alleged any threat of immediate, irreparable harm.  *Id*. at 4.  To the extent

Plaintiff *had* demonstrated a threat of harm, Judge Lanzillo construed it as involving past misconduct rather than harm of an *imminent* nature as would warrant injunctive relief. Id.

Following the Magistrate Judge's issuance of the R&R, Plaintiff filed a "supplement" in which he asserted that Sgt. Putnam threatened to have Plaintiff transferred if he did not drop his lawsuit. ECF No. 23. Subsequently, on July 16, 2021, Plaintiff filed objections to the R&R. ECF No. 24. In his objections, Plaintiff maintains that Judge Lanzillo improperly focused on the events of June 11, 2021 and overlooked all of his other allegations of retaliation and harassment. Insisting that he has shown a likelihood of irreparable harm, Plaintiff requests that this Court issue a preliminary injunction that would: (i) require the Defendants, the Department of Corrections, and SCI Albion to remove the offending corrections officers and "assign trained guards to work the second shift of [the] mental health unit[,]" ECF No. 24 at 3; (ii) "enjoin the Defendants and Department of Corrections from moving and/or transferring Plaintiff unless they first produce evidence based, proven penological reasons to do so." *Id*.

Having fully considered Plaintiff's motion, supplements, and objections, the Court finds no grounds to support the requested injunctive relief. Plaintiff's two primary concerns – having been labelled a "snitch" and having been threatened with a transfer to a different institution – do not establish a likelihood that he will suffer immediate, irreparable harm if relief is not granted. *See, e.g., Doe v. United States,* No. 1:19-CV-1673, 2020 WL 307805, at *3 (M.D. Pa. Jan. 21, 2020) (denying preliminary injunctive relief because "Plaintiff's assertion that he is in danger based upon rumors that he is a "sex offender and rat" is simply too speculative to demonstrate that he is likely to suffer irreparable harm absent the relief he seeks") (citing cases); *Johnson v. Ogershok*, No. 4:CV-02-1525, 2003 WL 24221182, at *4 (M.D. Pa. May 19, 2003) (corrections official's alleged threat to transfer inmate did not demonstrate a likelihood of imminent or

3

irreparable harm, as inmates have no constitutional right to be housed in any particular institution). Moreover, even if Plaintiff *had* shown a likelihood of imminent and irreparable harm, it is not this Court's prerogative to dictate the personnel and/or housing decisions of the Pennsylvania Department of Corrections. Accordingly, this Court cannot grant Plaintiff the form of equitable relief he is seeking. For these reasons, after *de novo* review of the complaint and documents in the case, together with the Magistrate Judge's Report and Recommendation Plaintiff's various supplements, and his objections to the R&R, the following order is entered:

NOW, this 21st day of July, 2021, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order or preliminary injunction, ECF No. [19], shall be, and hereby is, DENIED. The Report and Recommendation of Magistrate Judge Lanzillo, dated July 1, 2021, ECF No. [22], is adopted as the opinion of this Court, and Plaintiff's objections thereto, ECF No. [24], are OVERRULED.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm:   Anthony DeFranco
      CZ-3518
      SCI-Albion
      10745 Route 18
      Albion, PA  16475-0004
      (via U.S. Mail)

      Phillip E. Raymond, Esq.
      Office of the Attorney General
      1251 Waterfront Place
      Mezzanine Level
      Pittsburgh, PA 15222
      (via CM/ECF)

      The Honorable Richard A. Lanzillo (via CM/ECF)