# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DEFRANCO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   Civil Action No. 20-368 Erie |
| v. | ) |
| | ) |
| **OFC. ASHLEY MILLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

Plaintiff Anthony DeFranco, an inmate at SCI-Albion, commenced this *pro se* civil action on December 28, 2020, with the lodging of his complaint against Officer Ashley Miller and Sergeant Matthew Putnam. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

The gravamen of Plaintiff's complaint is that the Defendants violated his federal constitutional rights by retaliating against him after he attempted to file grievances. As relief, Plaintiff requests that the Court award compensatory and punitive damages, that Defendants be discharged from their employment at SCI-Albion, that his dismissed misconduct report be expunged from his prison record, and that further acts of retaliation be enjoined.

On April 27, 2021, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. ECF Nos. 14, 15. Defendants seek dismissal of (1) all claims against them in their respective official capacities, (2) Plaintiff's §1983 claim based on confiscation of his personal property, (3) any claim arising from the issuance of a false or fabricated misconduct citation, (4) any claim for verbal harassment or verbal threats, (5)

1

Plaintiff's "access to courts" claim, and (6) any claim under the Fifth, Eighth, or Fourteenth Amendment.

Plaintiff filed his response and brief in opposition to the motion on May 7, 2021. ECF Nos. 17, 18. In his responsive brief, Plaintiff clarified that he is asserting only two claims: (1) a First Amendment claim based on Defendants' alleged retaliation for his grievance activity, and (2) a claim under the "1st and 5th (14th) Amendments" based upon the retaliatory "stealing/ruining of his property." ECF No. 17 at 2.

On October 4, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") in which he reached the following conclusions: (1) any §1983 claims that Plaintiff is asserting against Defendants in their official capacities are barred by the Eleventh Amendment to the extent he is seeking monetary damages; (2) any §1983 claims that Plaintiff is asserting against Defendants in their official capacities for injunctive relief are not barred by the Eleventh Amendment; (3) Defendants' arguments seeking dismissal of an Eighth Amendment claim misconstrue the nature of Plaintiff's claims, which are putatively asserted under the First and Fifth Amendments; (4) any claims under the Fifth Amendment should be dismissed, as that Amendment affords rights only in relation to the federal government; (5) Plaintiff stated a viable First Amendment retaliation claim insofar as he alleged that Defendants issued false misconduct charges as the result of his grievance-related activities; (6) any procedural due process claims that Plaintiff may be asserting based upon the alleged destruction of his personal property, alleged threats or intimidation, or wrongful confinement in the RHU should be dismissed with prejudice because Plaintiff has adequate post-deprivation remedies and, in addition, his short confinement in the RHU did not implicated a protected liberty or property interest; (7) any substantive due process claims that Plaintiff may be asserting based upon alleged acts of

2

retaliation should be dismissed with prejudice, as such claims are more properly prosecuted as First Amendment retaliation claims; (8) to the extent Plaintiff is aware of facts supporting a plausible inference that Defendants Putman or Miller personally participated in or directed the destruction of his property as a further alleged act of retaliation, Plaintiff should be given the opportunity to amend his complaint to so allege; (9) to the extent Plaintiff is possessed of facts that would give rise to good faith allegations that other officers, as yet unknown, retaliated against him by destroying his property, he should be granted leave to amend his pleading to state such a claim, naming unknown individuals as "John/Jane Doe Defendants"; and (10) any additional constitutional claims predicated upon Defendants' alleged verbal threats or taunts should be dismissed because the alleged threats and taunts are not sufficient, by themselves, to establish the violation of a constitutional right. *See* ECF No. 29.  Consistent with these conclusion, Judge Lanzillo recommended that Defendants' motion be granted in part and dismissed in part. *Id.*

Objections to the R&R were due on or before October 21, 2021.  To date, no objections have been received.

Now, after *de novo* review of the complaint and documents in the case, the Defendants' motion to dismiss, all filings related thereto, and the Magistrate Judge's Report and Recommendation, the following order is entered:

NOW, this 21st day of December, 2021, IT IS HEREBY ORDERED that Defendants' motion to dismiss the complaint, ECF No. [14], shall be, and hereby is, GRANTED in part and DENIED in part as follows:

1. The Motion is DENIED as to Plaintiff's First Amendment claims predicated upon Defendants' alleged filing of an false misconduct report in retaliation for Plaintiff's threat to file a grievance or lawsuit against Defendant Putnam;

2. The Motion is further DENIED insofar as Plaintiff seeks injunctive relief in his Complaint;

3. The Motion is further DENIED as moot insofar as Defendants request dismissal of a non-existent §1983 Eighth Amendment or First Amendment "access to courts" claim;

4. The Motion is GRANTED as to the following claims, which shall be, and hereby are, DISMISSED with prejudice:

a) Plaintiff's §1983 "official capacity" claims against the Defendants for monetary damages;

b) Plaintiff's §1983 claims based upon an alleged violation of his Fifth Amendment rights;

c) Plaintiff's §1983 claims for alleged violation of his procedural and substantive due process rights;

d) Plaintiff's independent §1983 claims, if any, predicated upon the Defendants' alleged filing of a false misconduct report, alleged taunts or threats, or confiscation of Plaintiff's property; and

5. The Motion is further GRANTED as to Plaintiff's §1983 First Amendment retaliation claims based upon the alleged destruction of his personal property; however, such claims are DISMISSED WITHOUT PREJUDICE, and with leave to amend, consistent with Plaintiff's obligations under Rule 11 of the Federal Rules of Civil Procedure and the principles discussed in Magistrate Judge Lanzillo's October 4, 2021 Report and Recommendation.

**IT IS FURTHER ORDERED that, if Plaintiff opts to file an Amended Complaint, such pleading must include ALL claims that Plaintiff intends to pursue as permitted herein, and it must be filed on or before January 31, 2022. In the event Plaintiff declines to file an Amended Complaint on or before January 31, 2022, his §1983 First Amendment retaliation claim(s) predicated upon the alleged destruction of his personal property will be deemed abandoned, and the Court's dismissal of said claim(s) will be converted to a**

4

**dismissal with prejudice, without further notice.**  The Defendants' response to Plaintiff's complaint (or Amended Complaint, if filed) shall be due **February 14, 2022.**

Finally, IT IS ORDERED that the Report and Recommendation issued by United States Magistrate Judge Richard Lanzillo on October 4, 2021, ECF No. [29], is hereby adopted as the opinion of this Court, as set forth herein.

*[signature]*

SUSAN PARADISE BAXTER
United States District Judge

cm:   Anthony DeFranco
      CZ-3518
      SCI-Albion
      10745 Route 18
      Albion, PA  16475-0004
      (via U.S. Mail)

      Phillip E. Raymond, Esq.
      Office of the Attorney General
      1251 Waterfront Place
      Mezzanine Level
      Pittsburgh, PA 15222
      (via CM/ECF)

      The Honorable Richard A. Lanzillo (via CM/ECF)