IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| ANTHONY DEFRANCO, ) | |
| ) | |
| Plaintiff, ) | 1:20-CV-00368-SPB |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | UNITED STATES MAGISTRATE JUDGE |
| OFC. ASHLEY MILLER, SGT. MATTHEW ) | |
| PUTMAN, INDIVIDUAL AND OFFICIAL ) | |
| CAPACITY; OFC. BRANDON WISE, ) | ORDER ON MOTION FOR |
| BRYAN FLINCHBAUGH, LIEUTENANT ) | RECONSIDERATION |
| JOHN DOE, JANE DOE, ) | |
| ) | ECF NO. 38 |
| Defendants, | |

     Plaintiff Anthony DeFranco has filed a motion seeking reconsideration of this Court's prior order denying his motion that counsel for the Defendants, the Office of Pennsylvania Attorney General, be directed to mail responses to discovery requests and other correspondence, to him directly at the place of DeFranco's incarceration. *See* ECF No. 37. As a basis for his motion for reconsideration, DeFranco calls the Court's attention to a provision of the Department of Corrections' mail policy, DC-ADM 803, which states that

> Incoming privileged correspondence delivered through the postal or mail delivery system must possess a Department issued [attorney control number or court control number]. An attorney, a court, or an elected or appointed federal state, or local official or other approved entity may request an ANC/CCN/MCN though the Pennsylvania Department of Correction's website.

*See* ECF No. 38-1, p. 3 (copy of DC-ADM 803). DeFranco argues that because counsel for the Defendants, Phillip E. Raymond, is a Deputy Attorney General working in the Pennsylvania Attorney General's Office, he is an "appointed state government official," and, as such, could

1

obtain an Attorney Control Number for use in direct mailing.  *See* ECF No. 38, ¶¶ 5-6.  Although a correct statement of counsel's employment status, that status alone does not provide a basis for reconsideration because the DOC control number policy only applies to privileged communication.  Communication from defense counsel to DeFranco is not privileged.  Indeed, this Court has specifically held that "[c]orrespondence from defense counsel is not privileged and therefore, does not fall within the guidelines of the DOC policy relating to the handling of mail from an attorney to an inmate who he or she is representing."  *McLaughlin v. Zavada*, 2019 WL 5697347, at *3 (W.D. Pa. Nov. 4, 2019).  Thus, DeFranco's motion for reconsideration is **DENIED** as he has failed to allege an intervening change in the law, the availability of new evidence, or a clear error of law.  *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

However, the Court notes DeFranco's statement that he "has sent Defense counsel 4 requests for the production of documents, 2 sets of interrogatories for Defendant Flinchbaugh and one set for every other defendant" but has not received anything in response as of March 12, 2022.  Given this, the Court now **ORDERS** Counsel for the Defendants to update the Court via a written status report on the progress made toward satisfying these discovery requests.  The written status report is to be filed within ten days of the date of this order and served on the Plaintiff.

So ordered this 17th day of March, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE