IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ANTHONY DEFRANCO, </br></br>   Plaintiff, </br></br> vs. </br></br>OFC. ASHLEY MILLER, SGT. MATTHEW PUTMAN, INDIVIDUAL AND OFFICIAL CAPACITY; OFC. BRANDON WISE, BRYAN FLINCHBAUGH, LIEUTENANT JOHN DOE, JANE DOE, </br></br>   Defendants, | 1:20-CV-00368-SPB </br></br> RICHARD A. LANZILLO </br> UNITED STATES MAGISTRATE JUDGE </br></br> ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY </br></br> ECF NO. 41 |

  Plaintiff Anthony DeFranco has filed a motion to compel discovery responses.  *See* ECF No. 41.  He acknowledges that the Defendants have responded to his requests for the production of documents but disagrees with their assertions of confidentiality.  *See id*., p. 1-2.  He argues, without specificity, that the Defendants' claims of confidentiality amount to "tactics."  *Id*.  DeFranco's motion is **DENIED, without prejudice.**

  Concerning motions relating to discovery matters, the Court's General Practice and Procedures Memorandum explains that:

> <u>Motions on Discovery Matters</u>.  Magistrate Judge Lanzillo expects parties and their counsel to engage in good faith efforts to resolve discovery disputes prior to seeking the intervention of the Court. Where such efforts fail, a discovery motion should relate a concise summary of the issue, and any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall include a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion in accordance with LCvR 37.2.

*See General Practice and Procedures Memorandum, United States Magistrate Judge Richard Lanzillo*, available at

https://www.pawd.uscourts.gov/sites/pawd/files/Lanzillo_General_Practice_Procedures_April_21.pdf.  A copy of this memorandum is attached to this Order as a one-time courtesy to the Plaintiff.  This is also the procedure required by our Local Rules.  *See* Local Rule of Civil Procedure 37.2 ("Any discovery motion … shall include … a verbatim recitation of each interrogatory, request, answer, response, and objection which the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").  Simply put, because the Court does not have access to DFranco's requests or the Defendants' responses, it cannot resolve this discovery dispute.  As the moving party, it is DeFranco's responsibility to provide that information to the Court.  *See, e.g., Forrest v. Wetzel*, 2020 WL 2575739, at *5 (M.D. Pa. May 21, 2020).

However, because DeFranco is self-represented, the Court denies his motion without prejudice.  He may re-file a properly supported motion to compel, restating each of his requests for production as well as each of the Defendants' alleged failures to respond to his properly served discovery requests.  Additionally, DeFranco must file a brief in support of his motion to compel, in which he specifies each discovery request that is in dispute and why he contends that the Defendants' responses are inadequate.  Generalized arguments should be avoided and instead DeFranco must specifically define why the Defendants' responses are deficient.  An improperly supported motion to compel will be denied.  *See id*.

ORDERED and ENTERED this 21st day of March, 2022.

                               BY THE COURT:

                               _/s/ Richard A. Lanzillo_
                               RICHARD A. LANZILLO
                               UNITED STATES MAGISTRATE JUDGE