IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

ANTHONY DEFRANCO,                          )
                                           )
                Plaintiff                  )    1:20-CV-00368-SPB
                                           )
        vs.                                )
                                           )    RICHARD A. LANZILLO
OFC. ASHLEY MILLER, SGT. MATTHEW           )    UNITED STATES MAGISTRATE JUDGE
PUTMAN, INDIVIDUAL AND OFFICIAL            )
CAPACITY; OFC. BRANDON WISE,               )    MEMORANDUM AND ORDER ON
BRYAN FLINCHBAUGH, LIEUTENANT              )    PLAINTIFF'S MOTION TO COMPEL
JOHN DOE, JANE DOE,                        )
                                           )    ECF NO. 43
                                           )
                Defendants                 )


I.      Introduction and Legal Standard

        Presently before the Court is a motion to compel discovery responses filed by the

Plaintiff, Anthony DeFranco.[1]  As explained below, the motion is DENIED.

        Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as

follows:

> Unless otherwise limited by court order, the scope of discovery is
> as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or defense
> and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit. Information within this

---

[1] Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further response to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

> scope of discovery need not be admissible in evidence to be
> discoverable.

Fed. R. Civ. P. 26(b)(1). *See also Pelino v. Gilmore*, 2019 WL 6696206, at *2 (W.D. Pa. Dec. 6, 2019). Here, DeFranco states that he sent requests for production of documents and interrogatories under Federal Rules of Civil Procedure 33 and 34 to the Defendants on the following dates: January 2, 2022, February 18, 2022, March 1, 2022, and March 8, 2022. *See* ECF No. 43-1, p. 1-4.

Initially, the motion to compel discovery responses to his March 1st and March 8th requests (identified as DeFranco's third and fourth requests) is premature. Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) give a party thirty days to respond. Thus, as of today's date, and taking into consideration the inherent delays with the Department of Corrections mail system, DeFranco's motion is ill-timed and is DENIED as to his third and fourth requests. The remaining requests are discussed as follows:

II.     DeFranco's January 2, 2022 Request for Production.

DeFranco submitted his first request for production of documents on January 2, 2022. *See* ECF No. 43-1, p. 1. He made six requests:

1. All incident reports written on August 29, 2020 and August 30, 2020, from I Unit by 2nd shift staff.

2. All incident reports made on February 11, 2020, on I Unit regarding abuse guard.

3. All misconduct charges issued by Defendant Miller and Putman they issued on inmates that were either dismissed or reduced.

4. All sexual misconduct reports issued by Defendants.

5. All reports written by the Defendants on other staff members that were either found to be untrue or denied by the staff member; along with the fact finding reports to be generated.

2

> 6. The policy and officer requirements to work the Residential
> Treatment Unit (RTU) along with the official certificate of the
> training the Defendants received.

*Id.* The Defendants provided DeFranco with the information requested in his sixth

request, but objected to the requests for production.[2] Each of those five requests will be

discussed in turn.

As to the first request, the Defendants objected to its vagueness but stated that

after conducting a reasonable search, no incident reports from either date were able to be

located. ECF No. 43-2, p. 1. DeFranco's motion is denied as to this request. Defendants

have responded that they are unable to locate any incident reports from the dates in

question. DeFranco's dissatisfaction with this response is not a proper basis for a motion

to compel. *See, e.g., Jones v. Haire*, 2021 WL 5407857 at *2) (W.D.N.C. Nov. 18, 2021)

(denying motion to compel where Defendants "searched for and were unable to locate an

incident report … in response to Plaintiff's request for production).

The Defendants object to DeFranco's second request relating to incidents reports

from February 11, 2020 regarding an "abusive guard." ECF No. 43-2. They argue this

request is vague and unclear. *Id.* The Court agrees. The Defendants' objection is

sustained and DeFranco's motion is denied at to this request. DeFranco fails to identify

the "abusive guard" and fails to provide the Defendants with any additional information

relating to the incident.

The third request asks for documents relating to misconduct charges on inmates

issued by Defendants Miller and Putnam that were either dismissed or reduced.

Defendants object, arguing this information is not only vague and overbroad, but also

---

[2] DeFranco's motion includes a copy of the Defendants' response, but omits a signature page as well as any indication of the date when the response was mailed.

privileged and confidential.  First, this request is overly broad and unduly burdensome because DeFranco seeks disclosure of misconduct charges against *every* inmate.  *See, e.g., Rasheed v. Saez*, 2021 WL 5769393, at *3 (M.D. Pa. Dec. 6, 2021).  Furthermore, the Court agrees with the Defendants that misconduct reports relating to other inmates are confidential.  Indeed, there are sound security and confidentiality reasons to prohibit inmates from obtaining such information about one another.  Courts within this district and others have also rejected similar discovery requests as unduly infringing upon the privacy interests of other inmates. *See, e.g., Robinson v. Folino*, 2016 WL 4678340, at *3 (W.D. Pa. Sept. 7, 2016) ("Misconducts filed against inmates ... would necessarily contain information regarding those inmates that Plaintiff should not be privy to for both privacy and security reasons"); *Miller v. McGinley*, 2022 WL 212709, at *4 (M.D. Pa. Jan. 24, 2022); *Montanez v. Tritt*, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues"); *cf. Banks v. Beard*, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (discussing the DOC's policy against inmates receiving information about other inmates, and finding that the release of such information could be used to blackmail, harass, or assault that inmate, "thereby creating a substantial risk of physical harm to the subject inmate and any staff who intervene").  Considering these cases, DOC policy, and DeFranco's failure to argue the relevancy of the requested information, the Defendants' objections are sustained and DeFranco's motion is denied as to this request.

DeFranco's fourth request seeks all sexual misconduct reports issued by the Defendants. ECF No. 43-1, p. 1. Defendants object, arguing the request is overly broad, unduly burdensome, and not proportional to the needs of this case. ECF No. 43-2, p. 2. Additionally, they contend the information sought is confidential and privileged. *Id.* The Court agrees. First, seeking "all" reports is overly broad and unduly burdensome on the Defendants. Further, this request seeks information concerning other inmates, which for the reasons just explained, is properly deemed confidential and undiscoverable. See discussion, supra. Finally, DeFranco has failed to argue the relevance of this information to his claims. Instead, he argues his entitlement to this information, and more, because "discovery is not only used to find direct information for trial, but also information that could lead to information that can be used." ECF No. 43, p. 2. DeFranco is mistaken. Here, the Court need only determine if the information sought " is relevant to any party's claim or defense and proportional to the needs of the case" as provided in Fed. R. Civ. P. 26(b)(1)" or whether the party is simply embarking on a fishing expedition. *See Raymo v. Civitas Media LLC*, 2021 WL 5868464, at *1 (July 19, 2021) (citing *Greene v. Horry Cty.*, 650 Fed. Appx. 98, 99 (3d Cir. 2016)); *see also Branch v. Brennan*, 2019 WL 6037009, at *11 (W.D. Pa. Nov. 13, 2019) ("the sole purpose of discovery is to add flesh to for the trial on the parties' respective claims and defenses in the given action. Discovery is not a fishing expedition for potential claims or defenses.") (citation omitted). Thus, the Defendants' objections are sustained and DeFranco's motion is denied as to this request.

DeFranco's fifth request asks for "all reports" authored by the Defendants or other staff members that were found to be "untrue or denied by the staff member" inclusive of

any "fact finding reports." ECF No. 43-1, p. 1. Defendants have again objected, citing

the overly-broad nature of this request, as well as its burdensomeness and the confidential

nature of the information requested. ECF No. 43-2, p. 2. And again, the Court agrees.

This request is overly broad and unduly burdensome since it seeks discovery of "all

reports" of any nature, involving any subject matter, written by the Defendants "or any

other staff member." *See, e.g., Ivy v. Johnson*, 2021 WL 322170, at *2 (M.D. Pa. Feb. 1,

2021). And, because the request for "all reports" likely would contain information

regarding other inmates, the Defendants' objection on the grounds of confidentiality is

well-taken. Accordingly, the Defendants' objections are sustained and DeFranco's

motion is denied as to this request.

II.     DeFranco's February 18, 2022, Request for Production

        DeFranco's second request for production, dated February 18, 2022, repeated the

six requests stated in this first request for production and added four more:

> 7.    Plaintiff's accumulative adjustment file;
>
> 8.    Any officer currently assigned to I unit that had been
>       previously removed from the Unit for their conduct, along
>       with all reports detailing such conduct;
>
> 9.    Inspection of Plaintiff's DC-14 file and copying of
>       potential documents;
>
> 10.   The policy on retaining camera footage, how long it is to be
>       retained, and the production for all footage from I/B Unit
>       on June 17, 2021 from 8:30-9:15 pm.

ECF No. 43-1, p. 2. Here, however, DeFranco has not provided the responses, if any,

from the Defendants to these additional requests. Thus, and as explained previously, the

Court cannot rule on DeFranco's motion to compel the production of this information

without reviewing the Defendants' responses. *See* ECF No. 42. As the moving party, it

is DeFranco's burden to provide this information to the Court. *See, e.g., Forest v. Wetzel*, 2020 WL 2575739, at *5 (M.D. Pa. May 21, 2021). In the event, however, that DeFranco has not received a response to his request, he may notify the Court in a brief letter and the Court will order the Defendants to respond, given that the time period set forth in the Federal Rules has now expired.[3]

III.    Conclusion

In conclusion, the Court sustains the objections raised by the Defendants to the Plaintiff's request for production of documents and therefore the Plaintiff's motion to compel will be denied. An order follows.

ORDER

In light of the foregoing and as explained in detail above, the Plaintiff's Motion to Compel (ECF No. 43) is DENIED.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

---

[3] DeFranco's brief in support of his motion is unclear whether or not the Defendants have responded to the February 18, 2022 request. He states only that he received "one" production response, but does not identify which request that response corresponded to. *See* ECF No. 43, p. 1.