IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| ANTHONY DEFRANCO, | ) |
| | ) |
| Plaintiff, | )   1:20-CV-00368-SPB |
| | ) |
| vs. | ) |
| | )   RICHARD A. LANZILLO |
| OFC. ASHLEY MILLER, SGT. MATTHEW | )   UNITED STATES MAGISTRATE JUDGE |
| PUTMAN, INDIVIDUAL AND OFFICIAL | ) |
| CAPACITY; OFC. BRANDON WISE, | )   ORDER ON PLAINTIFF'S MOTION TO |
| BRYAN FLINCHBAUGH, LIEUTENANT | )   COMPEL |
| JOHN DOE, JANE DOE, | ) |
| | )   ECF NO. 70 |
| | ) |
| Defendants, | ) |
| | ) |

Before the Court is Plaintiff Anthony DeFranco's motion to compel. *See* ECF No. 70.

DeFranco notes that although the Defendants provided him with a copy of the "duty roster" as he

requested, unknown Department of Corrections ("DOC") officials have censored his mail and

have withheld the duty roster for "committee approval, thereby further delaying and hindering

material evidence Plaintiff needs." *Id.*, p. 1.  The Defendants have now filed a Response to

DeFranco's motion. *See* ECF No. 73.  Therein, Deputy Attorney General Phillip Raymond

attests that he (1) inquired into the matter of the duty roster with DOC officials and was informed

that a redacted copy of that document, identifying the staff members present on the RTU/1 on the

date in question, has now been provided to DeFranco. *Id.*, ¶¶ 3-4.  Accordingly, as DeFranco is

now in possession of the requested material, his motion to compel the production of the duty

roster is denied as moot.

DeFranco additionally moves to compel the production of ten photographs "of areas on the unit" where the incidents occurred. *See* ECF No. 70, ¶ 3, and p. 2. The Defendants have objected on grounds of relevance and because the information sought is not reasonably calculated to lead to the discovery of admissible evidence. *See* ECF No. 71, p. 2. DeFranco's motion to compel production of these photographs is denied without prejudice to his right to renew the request at the final pretrial conference.. DeFranco does not explain how these photographs would be relevant to his claim beyond stating that they "are needed to show the jury to prove his allegations" and that they are relevant to "prove Plaintiff's allegations … [and] to prove the Defendants [sic] fabrications." ECF No. 70, p. 1.

Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case... . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978). But here, DeFranco does not explain how these photographs are relevant or how they might reasonably be calculated to lead to the further discovery of admissible evidence. Instead, he contends only that he wants to show them to the jury to prove his case and to prove Defendants' fabrications, without explaining how. *See* ECF No. 70, p. 1. *See also Rivera v. Rendell*, 2017 WL 1036471, at *3 (M.D. Pa. Mar. 17, 2017) (motion to compel denied where plaintiff asserts requested information "can prove elements of his claim" but does not explain how). Additionally, even if relevant, the photographs of the interior of the RTU/I Unit would implicate institutional security and safety concerns. *See, e.g., Akbar v. Bablitch*, 1993 WL

42777, at *1 (7th Cir. Feb. 19, 1993) (any photographs of prison interior are subject to security and safety considerations); *Berry v. Orr*, 2022 WL 1481792, at *2 (M.D. La. May 10, 2022) (court recognized that an inmate's possession of photographs of the layout and view of certain areas of the prison may jeopardize the safety and security of the facility). Thus, DeFranco's motion to compel the production of certain photographs is denied. However, the Court will allow DeFranco to renew his request for the photographs at the final pretrial conference, subject to his demonstrating that such photographs would assist the jury in assessing his claims. Given this reservation, Defendants' are directed to preserve any such photographs that remain in their possession, custody, or control.

Finally, given that the Court has now resolved DeFranco's motion to compel, the motion hearing previously scheduled for **Wednesday, July 20, 2022, beginning at 10:00 AM, is hereby canceled.** Given the temporal proximity of that hearing and the docketing of this order, **the Court directs Dep. Atty. General Raymond, counsel for the Defendants, to fax, email or otherwise immediate transmit a copy of this order to the appropriate personnel at DeFranco's place of confinement with instructions that it be hand-delivered to him.**

So ordered this 18 day of July, 2022.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE