IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 20-368 Erie |
| v. | ) |
| | ) |
| OFC. ASHLEY MILLER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

In this *pro se* civil action, Plaintiff Anthony DeFranco, an inmate at SCI-Albion, has sued various employees of the Pennsylvania Department of Corrections to redress the alleged violation of his federal civil rights. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

The operative pleading at this juncture is Plaintiff's Amended Complaint, ECF No. 33, which includes, in relevant part, a retaliation claim under 42 U.S.C. §1983 against Officer Brandon Wise ("Wise"). Defendants moved for summary judgment on this claim (among others), arguing that the retaliation claim against Wise is barred because Plaintiff failed to exhaust his available administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a). ECF No. 77. Defendants' argument was predicated on the fact that Plaintiff did not successfully appeal Grievance Number 889248 to final review by the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). A grievance officer from SOIGA attested to the fact that there was no record of a final appeal in SOIGA's file relative to Grievance Number 889248. Plaintiff countered that he had filed a timely appeal to SOIGA with

the appropriate office and, thereby, had done all that was possible from his end to fully exhaust his grievance.

On March 14, 2023, Judge Lanzillo held an evidentiary hearing to resolve the parties' factual dispute on this point. *See Small v. Camden County,* 728 F.3d 265 (3d Cir. 2013). The Magistrate Judge ultimately found all documentary and testimonial evidence submitted by the parties to be credible as well as reconcilable. In relevant part, the Magistrate Judge recommended that the undersigned find as follows:

A. [Plaintiff] properly placed his final appeal of Grievance 889248 regarding his claim against Wise in the prison mail for transmission to SOIGA in compliance with DC-ADM 804 and, in doing so, he "properly" exhausted his administrative remedies before filing suit on that claim. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006).

B. Through no fault or failure on the part of [Plaintiff], his final appeal to SOIGA was not received and, therefore, SOIGA did not review or respond to it.

C. Because [Plaintiff] submitted his final appeal of Grievance 889248 to SOIGA and SOIGA did not respond within the time prescribed, any further administrative remedies under DC-ADM 804 were unavailable to him. *See Robinson v. Superintendent,* 831 F.3d 148, 154 (3d Cir. 2016) (holding that administrative remedies were unavailable to a prisoner when the prison failed to timely respond to the prisoner's grievance and then ignored his follow-up requests for a decision on his claim). *See also Shifflett v. Korszniak,* 934 F.3d 356, 365 (3d Cir. 2019) (holding "that as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement.").

    D. Although the unavailability of [Plaintiff's] further administrative remedies was not caused by any failure on the part of SOIGA, [an] apparent breakdown in the prison mail system concerning his appeal to SOIGA nevertheless resulted in the unavailability of his further administrative remedies.

    E. Because [Plaintiff] has fully exhausted his available administrative remedies as to his claim against Wise, that defense does not provide a basis for an entry of summary judgment in favor of Wise.

ECF No. 108 at 12-13.

    Defendants' objections to the R&R were due on or before April 6, 2023, and Plaintiff's objections were due no later than April 10, 2023. To date, no objections have been received from any party. As a result, we review the Magistrate Judge's recommendations for plain error. *See* Fed. R. Civ. P. 72(b) Advisory Committee Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing authority); *see also Mathis v. Carney*, No. CV 21-1573, 2023 WL 2422181, at *1 (W.D. Pa. Mar. 9, 2023) ("[B]ecause Plaintiffs did not file any objections to the R & R, which explicitly stated that failure to file timely objections 'will waive the right to appeal' . . . , we review the magistrate judge's decision for plain error.") (citing *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011)). Here, the Court finds no clear error on the face of the record as it relates to the Magistrate Judge's recommended findings. Accordingly,

    IT IS ORDERED, this 1st day of May, 2023, that the Report and Recommendation issued by United States Magistrate Judge Richard Lanzillo on March 23, 2023, ECF No. [108], is hereby adopted as the findings of fact and conclusions of law of this Court. The Court's findings

in this regard are limited to Defendants' asserted exhaustion defense as it relates to Plaintiff's claim against Defendant Wise and is without prejudice to any other ground for summary judgment that has been asserted by Defendants on behalf of Wise or any other Defendant.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge