IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 20-368 Erie |
| v. | ) |
| | ) |
| OFC. ASHLEY MILLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In this *pro se* civil action, Plaintiff Anthony DeFranco, an inmate at SCI-Albion, has sued four prison staff employees under 42 U.S.C. §1983 seeking redress for the alleged violation of his federal civil rights. At this juncture, the only remaining causes of action are First Amendment retaliation claims against Defendants Ashley Miller, Sergeant Matthew Putnam,[1] Officer Brandon Wise, and Bryan Flinchbaugh ("Defendants"). The parties have filed cross-motions for summary judgment on Plaintiff's First Amendment claims, which were referred to Chief United States Magistrate Judge Richard A. Lanzillo in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On November 6, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") addressing the parties' cross-motions. In his R&R, Judge Lanzillo recommended that Plaintiff's motion for summary judgment be denied in its entirety and that Defendants' motion be granted insofar as it relates to the retaliation claims against Defendants' Flinchbaugh and Wise. No party has objected to this aspect of the R&R.

---

[1] Although Plaintiff has identified this Defendant as Sergeant Matthew "Putman," it appears the correct spelling is "Putnam," which is the surname used herein.

1

Judge Lanzillo also recommended that the Defendants' Rule 56 motion be denied insofar as it relates to the claims against Putnam and Miller. These claims are founded on allegations that Putnam and Miller falsely charged Plaintiff with a misconduct in retaliation for Plaintiff indicating that he intended to submit a grievance and/or file a lawsuit against them. As a result of the misconduct charge, Plaintiff was subjected to pre-disciplinary confinement in the RHU on August 30, 2020. He remained in the RHU until September 2, 2020, when the misconduct charge was dismissed.

After construing the record in the light most favorable to Plaintiff, Judge Lanzillo found sufficient evidence of actionable retaliation on the part of Putnam and Miller to warrant a jury trial. In sum, Judge Lanzillo concluded that: (1) Plaintiff had engaged in constitutionally protected activity when he stated his intention to file a grievance and/or lawsuit against the Defendants; (2) Defendants had subjected Plaintiff to adverse action by issuing a misconduct that caused Plaintiff to spend several days in the RHU; (3) Putnam and Miller were each personally involved in the adverse action; and (4) there was sufficient evidence to establish a causal link between Plaintiff's protected conduct and the Defendants' alleged retaliatory acts. ECF No. 123 at 14-18.

Defendants have filed objections to this portion of the R&R. They argue that Putnam and Miller should be granted a summary judgment because:

a. Four (4) days in the Restricted Housing Unit ("RHU") cannot rise to the level of adverse action, as a matter of law;

b. Plaintiff's four (4) days in the RHU was not a punishment but, rather, a prehearing confinement; and

    c.  Defendants Miller and Putnam were not personally involved in the decision to assign Plaintiff to prehearing confinement in the RHU.

*See* ECF No. 124 (objections) and ECF No. 125 (supporting brief). These objections will be overruled.

    To establish a viable First Amendment retaliation claim, a prisoner must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action at the hands of prison officials; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Watson v. Rozum,* 834 F.3d 417, 422 (3d Cir. 2016). If the plaintiff meets this initial burden, the defendant may still prevail by proving that he/she would have taken the same disciplinary action even in the absence of the protected activity. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

    An action is considered "adverse" if it would be "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This "is an objective inquiry and ultimately a question of fact." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012) (citing *Rauser*, 241 F.3d at 333, and *Allah*, 229 F.3d at 225), *abrogated on other grounds, as recognized in Mack v. Yost*, 968 F.3d 311, 319 (3d Cir. 2020); *see also Soto v. New Jersey,* Civ. No. 17-13450, 2019 WL 1724258, at *6 (D.N.J. Apr. 18, 2019). "An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than *de minimis.*'" *Watson,* 834 F.3d at 423 (*quoting McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)) (alteration in the original); *see Golden v. Perrin*, No. 1:21-CV-00187-RAL, 2022 WL 2791186, at *5 (W.D. Pa. July 15, 2022) ("The standard is not too demanding: unless the claimed retaliatory action is truly

3

inconsequential, the plaintiff's claim should go to the jury.") (citation and quotation marks omitted).

In *Brightwell v. Lehman,* the United States Court of Appeals for the Third Circuit ruled that the plaintiff prisoner failed to establish "adverse action" where he was issued a misconduct for filing a false report, which was later dismissed without any sanction. 637 F.3d 187, 194 (3d Cir. 2011). Here, however, there is more. Plaintiff was charged with several "Class I" misconducts (*i.e.*, sexual harassment, indecent exposure, refusal to obey an order, and presence in an unauthorized area) and was transferred to the RHU for three full days while he awaited his disciplinary hearing, at which time the charges were dismissed. ECF No. 114-1 at 28; ECF Nos. 114-8 and 114-10. Our Court of Appeals has recognized the possibility "that in some cases placement in administrative segregation would not deter a prisoner of ordinary firmness from exercising his or her First Amendment rights"; yet it has declined to go so far as to "say that such action can never amount to adverse action." *Allah,* 229 F.3d at 225. "On the contrary, whether a prisoner-plaintiff has met that prong of his or her retaliation claim will depend on the facts of the particular case." *Id.*

As Judge Lanzillo observed, various courts within this judicial circuit have found that a prisoner's placement in a restricted housing unit or diversionary treatment unit involved a sufficiently adverse action for purposes of establishing a First Amendment retaliation claim. *See, e.g., Allah,* 229 F.3d at 225 (plaintiff's transfer to administrative custody, resulting in reduced privileges, amounted to adverse action); *Graziano v. Pa. Dep't Corr.*, Case No. 1:22-CV-00163, 2023 WL 6389756, at *23 (W.D. Pa. Sep. 30, 2023) (misconduct charge was adverse action where inmate spent time in the RHU before charge was dismissed); *Golden v. Perrin,* No. 1:21-cv-187, 2022 WL 2791186, at 6 (W.D. Pa. July 15, 2022) ("Moving an inmate to the RHU

4

amounts to an adverse action."); *Goodman v. Miceli*, Civil Action No. 20-1259, 2021 WL 2117933, at* 13 (W.D. Pa. May 3, 2021), *report and recommendation adopted*, 2021 WL 2115328 (W.D. Pa. May 25, 2021) (issuance of misconduct charges and placement in the RHU constituted adverse action).

    Here, Defendants characterize Plaintiff's confinement in the RHU between August 30 and September 2, 2020 as a mere "minor inconvenience" that would not suffice to deter a person of ordinary firmness from exercising his constitutional rights. ECF No. 125 at 1-2. They argue that the prisoners in *Graziano*, *Golden*, and *Allah* experienced materially longer periods of RHU custody than Plaintiff experienced in this case. *See Graziano*, 2023 WL 6389756, at *23 (45-day confinement in the RHU); *Golden*, 2022 WL 2791186, at *6 (14-day confinement in the RHU); *Allah*, 229 F.3d at 225 (plaintiff confined in the RHU for at least 60 days). Defendants analogize this case to *Walker v. Mathis*, Civ. A. No. 15-5134, 2016 WL 2910082 (E.D. Pa. May 19, 2016), *aff'd* 665 F. App'x 140 (3d Cir. 2016), and *Nilback v. Albino*, Civ. A. No. 09-428, 2011 WL 4549134 (D.N.J. Sept. 29, 2011), both of which involved facts that did not amount to actionable adverse consequences for the plaintiff-inmates. In *Walker*, the court of appeals affirmed the dismissal of the plaintiff's retaliation claim where "[t]he only adverse action allegedly taken against [the plaintiff] as a result of the misconduct charge was his temporary removal from his work assignment and two days of lost prison wages." *See* 665 F. App'x at 143. In *Nilback*, the court found an insufficient basis for retaliation where the inmate alleged only that the defendant had "read his grievances and/or legal mail." 2011 WL 4549134 at *13. Defendants maintain that a similar result should obtain here.

    As noted, however, an adverse consequence need only be "more than *de minimis*" in order to be actionable. *Watson*, 834 F.3d at 423. Based on the present record, the Court cannot

say, as a matter of law, that Plaintiff's pre-hearing confinement in the RHU was a *de minimis* inconvenience that would not deter a person of ordinary firmness from exercising his or her constitutional rights. Thus, the Court agrees with Judge Lanzillo that Plaintiff adduced sufficient evidence of an actionable adverse consequence to warrant submitting his retaliation claim to a jury.

Defendants argue that, even if Plaintiff's temporary placement in the RHU constitutes "adverse action," the claim against Putnam and Miller still fails as a matter of law because neither Defendant was responsible for Plaintiff's placement there. This argument goes to the issue of personal involvement. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (noting that a defendant in a §1983 action "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation he or she neither participated in nor approved").

The Defendants' supposed lack of personal involvement in Plaintiff's RHU confinement was not initially raised or developed in any meaningful way in Defendants' Rule 56 filings. For that reason, the point is arguably waived. But in any event, the undersigned agrees with Judge Lanzillo that the evidence establishes a sufficient basis for each Defendant's personal liability relative to the alleged retaliation. Miller apparently filed the misconduct report at issue. Putnam is alleged to have assisted in authoring the report and was listed as a witness in support of the misconduct charge. Even if neither Defendant personally ordered the Plaintiff's pre-hearing confinement in the RHU, that confinement was a foreseeable consequence of the allegedly unfounded misconduct charge. Accordingly, the Court is satisfied that Plaintiff has adduced sufficient evidence in support of his First Amendment retaliation claims against Defendants Miller and Putnam to permit those claims to proceed to a jury.

NOW, this 18th day of January, 2024, after *de novo* review of the operative pleading, the parties' cross-motions for summary judgment and all filings related thereto, the Chief Magistrate Judge's R&R, and Defendants' objections to the R&R,

IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment, ECF No. [87], shall be, and hereby is, DENIED with prejudice.

2. Defendants' Motion for Summary Judgment, ECF No. [112] is GRANTED in part and DENIED in part as follows:

   a. The motion is GRANTED insofar as it relates to the First Amendment retaliation claims against Defendants Flinchbaugh and Wise; and

   b. The motion is DENIED insofar as it relates to the First Amendment retaliation claims against Defendants Putnam and Miller.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief United States Magistrate Judge Richard A. Lanzillo on November 6, 2023, ECF No. [123], is adopted as the Opinion of this Court, and Defendants' objections thereto, ECF Nos. [124] and [125], are OVERRULED.

An appropriate Order of Judgment follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge